IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAUREN DELTONDO | Criminal No. 22-27<br><br>[UNDER SEAL] |

FILED
FEB -8 2022
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Benjamin J. Risacher, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A one-count Indictment was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Bank Fraud<br><br>From in and around June 2020 and continuing thereafter until in and around July 2020 | 18 U.S.C. § 1344(2) |

### II. ELEMENTS OF THE OFFENSE

**As to Count 1:**

In order for the crime of Bank Fraud, in violation of 18 U.S.C. § 1344(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly executed and attempted to execute, a scheme to obtain the money, funds, or other property owned by or under the control of U.S. Bank by means

of material false or fraudulent pretenses, representations, or promises as detailed in Count One of the Indictment;

        2.      That the defendant did so with the intent to defraud; and

        3.      That U.S. Bank was then insured by the Federal Deposit Insurance Corporation.

Third Circuit Model Criminal Jury Instruction 6.18.1344.

### III. PENALTIES

**As to Count 1: Bank Fraud (18 U.S.C. § 1344(2)):**

1. Imprisonment of not more than 30 years (18 U.S.C. § 1344);

2. A fine not more than the greater of;

    (a)    $1,000,000.00 (18 U.S.C. § 1344);

or

    (b)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than five (5) years (18 U.S.C. § 3583);

4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. <u>RESTITUTION</u>

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. <u>FORFEITURE</u>

Forfeiture is not applicable in this case.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*/s/ Benjamin J. Risacher*
BENJAMIN J. RISACHER
Assistant U.S. Attorney
PA ID No. 318436